2000 ME 70

**In re SHULIKOV.** [1]

Supreme Judicial Court of Maine.

Submitted on Briefs March 29, 2000.
Decided April 20, 2000.

Vicki M. Mathews, Stilphen & Mathews, Biddeford, for appellant.

Herscel Lerman, Biddeford, for appellees.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Nikolay Shulikov appeals the judgment of the York County Probate Court

1. The parties captioned this case using the child's first name. In the circumstances, use of the last name is more appropriate because of necessary citations to related cases.

(*Nadeau, J.*) that terminated his parental rights in his youngest daughter. Shulikov argues that the court erred by: (1) collaterally estopping him from relitigating the question of his guilt with regard to criminal convictions for gross sexual assault, sexual abuse of a minor, and terrorizing involving a different daughter; (2) excluding evidence regarding the parental fitness of the prospective adoptive father; and (3) finding sufficient evidence to support the termination of his parental rights.

## I. CASE HISTORY

[¶ 2] In November 1995, the grand jury indicted Nikolay Shulikov on 10 counts of gross sexual assault (Class A), one count of gross sexual assault (Class B), one count of sexual abuse of a minor (Class C), and two counts of terrorizing (Class D), committed against his elder daughter. Earlier in 1995, Shulikov's wife left him and then obtained a divorce.

[¶ 3] The criminal charges were tried before a jury and Shulikov was convicted on all counts. The Superior Court (York County, *Bradford, J.*) sentenced Shulikov to 26 years of imprisonment followed by 8 years of probation with 5 years of imprisonment suspended.

[¶ 4] Shulikov appealed the judgment of conviction and the sentence. *See State v. Shulikov*, 1998 ME 111, 712 A.2d 504. We affirmed the judgment of conviction, but vacated and remanded due to the improper imposition of consecutive sentences on two counts arising out of a single episode of sexual misconduct. *See id.*, 1998 ME 111, ¶ 31, 712 A.2d at 512 & n. 8. On remand, the court resentenced Shulikov by making concurrent that part of the sentence related to the single episode. On a subsequent appeal, we affirmed. *State v. Shulikov*, Mem–99–124 (Me. Oct. 25, 1999) (mem.).

[¶ 5] On January 8, 1999, Shulikov's ex-wife and her present spouse petitioned the Probate Court to terminate Shulikov's parental rights in his younger daughter, pursuant to 18–A M.R.S.A. § 9–204 (1998 & Supp.1999),[2] so that the step-father could adopt her and the daughter could take his last name. A hearing on the termination petition was conducted in the York County Probate Court. The hearing was not recorded by either an official court reporter or a court electronic recording process. Because no official transcript of the Probate Court hearing was available, the parties cooperated to prepare an agreed statement of the evidence as authorized by M.R. Civ. P. 74(c).[3]

**2.** 18–A M.R.S.A. § 9–204(a) states, "(a) A petition for termination of parental rights may be brought in Probate Court in which an adoption petition is properly filed as part of that adoption petition except when a child protection proceeding is pending or is subject to review by the District Court." 18–A M.R.S.A. § 9–204(a) (1998).

By operation of § 9–204(b), termination of parental rights issues in Probate Court are decided according to the same terms and conditions as 22 M.R.S.A. §§ 4051–4057 which governs State initiated termination of parental rights proceedings. *See 18–A M.R.S.A. § 9–204(b) (Supp.1999).*

**3.** M.R. Civ. P. 74(c) is incorporated into the Probate Court Rules by operation of M.R. Prob. P. 74(b). Rule 74(c) states as follows:

(c) **Statement of the Evidence or Proceedings When No Report Was Made or When the Transcript Is Unavailable.** If no report of the evidence or proceedings at a

hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the Superior Court for settlement and approval and as settled and approved shall be included by the clerk of the Superior Court in the record on appeal.

The parties are to be commended for agreeing on a statement of the evidence in what was certainly a difficult and emotional case. The statement included in the record on appeal is signed by counsel for both parties. However, the statement of the evidence does not appear to have been approved by the trial judge as required by Rule 74(c). Because no issue appears here, we will accept and consider the agreed but unapproved statement of the

[¶ 6] The evidence at the hearing included the grand jury indictment, the judgments and commitments for the crimes, and the judgment of divorce. The ex-wife also testified that during her 19–year marriage to Shulikov he was "never a father and ... was abusive," and that her younger daughter would be hurt if the court did not terminate Shulikov's parental rights just as the older sister had been hurt by Shulikov's sexual abuse.

[¶ 7] The court denied Shulikov the opportunity to "explore the nature of the circumstances" that led to the convictions. Because of the sex crime convictions, the court at the close of the petitioners' case, found that a rebuttable presumption existed as to parental unfitness and shifted the burden of proof to Shulikov pursuant to 22 M.R.S.A. § 4055(1–A) (Supp.1999).[4] Subsection 1–A speaks of "a" child. Thus, misconduct indicated in subsection 1–A, may raise the rebuttable presumption if it was directed towards a different child than the child who is the subject of the proceedings.

[¶ 8] Shulikov introduced an English translation of a written statement in which he denied the criminal acts and blamed his problems on his family turning on him because of his deteriorating health and approaches to discipline. Shulikov and others also testified at the hearings, presenting differing views of Shulikov's parenting skills.

[¶ 9] At the close of the hearing, the court left the record open for a written statement from Igor Kushnar, Shulikov's ex-wife's brother and Shulikov's brother-in-law. Kushnar submitted a statement saying that Shulikov's parental rights should not be terminated because he was and is a good father to his younger daughter and devoted a lot of care and attention to her.

[¶ 10] On July 28, 1999, the Probate Court filed a judgment terminating Shulikov's parental rights. Shulikov filed a timely notice of appeal.

## II. DISCUSSION

[¶ 11] Shulikov argues that the court erred in its application of the doctrine of collateral estoppel to prevent him from questioning witnesses about the circumstances underlying his convictions because his convictions can still be attacked through a post-conviction review proceeding.[5] Shulikov also argues that he was denied a fair hearing because the court's

---

evidence in this case. However, we emphasize that because Rule 74(c) statements necessarily include representations as to statements or actions of the trial judge, the trial judge normally must review and approve or modify such statements before they are presented for appellate review.

4. 22 M.R.S.A. § 4055(1–A) (Supp.1999) states as follows:

**1–A. Rebuttable presumption.** The court may presume that the parent is unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child's needs if:

**A.** The parent has acted toward a child in a manner that is heinous or abhorrent to society or has failed to protect a child in a manner that is heinous or abhorrent to society, without regard to the intent of the parent.

**B.** The victim of any of the following crimes was a child for whom the parent was responsible or the victim was a child who was a member of a household lived in or frequented by the parent and the parent has been convicted of:

(1) Murder;

(2) Felony murder;

(3) Manslaughter;

(4) Aiding or soliciting suicide;

(5) Aggravated assault;

(6) Rape;

(7) Gross sexual misconduct or gross sexual assault;

(8) Sexual abuse of minors;

(9) Incest;

(10) Kidnapping;

(11) Promotion of prostitution; or

(12) A comparable crime in another jurisdiction;

5. No pending post-conviction proceeding has been cited, and we are not independently aware of any such proceeding.

application of the doctrine of collateral estoppel prevented him from effectively cross—examining witnesses. Shulikov does not cite any authority for these arguments.

[¶ 12] The doctrine of collateral estoppel was appropriately applied to bar relitigation of the facts resolved by the criminal convictions. *See Mutual Fire Ins. Co. v. Hancock*, 634 A.2d 1312, 1315 (Me.1993); M.R. Evid. 803(22). As we have noted, the governing statute in a termination action authorizes a presumption of parental unfitness based on proof of a conviction of certain crimes including gross sexual assault and sexual abuse of a minor, committed against any child in the parent's care. *See* 22 M.R.S.A. § 4055(1–A)(B)(7) & (8).

[¶ 13] Shulikov also asserts that the court erred when it prevented him from attacking the parental fitness of the prospective adoptive father. When a petition for termination of parental rights is filed as a part of an adoption petition, pursuant to 18–A M.R.S.A. § 9–204(a), such evidence could be relevant in the termination proceeding in evaluating the long-term best interest of the child—an essential issue in the termination decision. However, the record contains no offer of proof or other indication of what evidence regarding the prospective adoptive father was sought to be offered. M.R. Evid. 103(a)(2). Without such evidence indicated in the record, Shulikov cannot demonstrate any prejudice from the court's ruling. M.R. Civ. P. 61; M.R. Evid. 103(a).

[¶ 14] Finally, Shulikov challenges the sufficiency of the evidence, arguing that the court erroneously found, by clear and convincing evidence, (1) that he is unable or unwilling to protect his younger daughter from jeopardy within a time reasonably calculated to meet her needs; and (2) that termination is in her best interest.

[¶ 15] Pursuant to 22 M.R.S.A. § 4055, an order terminating Shulikov's parental rights may only be issued in a private termination case if: (1) the termination petition is filed as part of an adoption proceeding; (2) the court finds by clear and convincing evidence that Shulikov is unwilling or unable to protect his younger daughter from jeopardy within a time reasonably calculated to meet her needs, or that Shulikov is unwilling or unable to take responsibility for her within a time reasonably calculated to meet her needs; and (3) termination of Shulikov's parental rights is in the child's best interest. *See* 22 M.R.S.A. § 4055(1)(A) & (B) (1998 & Supp.1999). Pursuant to Section 4055(1–A)(B)(7) & (8):

> [T]he court may presume that the parent is unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child's needs if ... the victim of ... the following crime[ ] was a child for whom the parent was responsible ... and the parent has been convicted of ... gross sexual assault ... sexual abuse of minors....

22 M.R.S.A. § 4055(1–A)(B)(7) & (8).

[¶ 16] Application of the presumption of unfitness leaves Shulikov with only one basis to challenge the court's findings: whether termination is in the younger daughter's best interest. The evidence is clearly sufficient to support this finding.

The entry is:

Judgment affirmed.